UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | DOCKET NO. 1:25-cr-10214-RGS |
| v. | ) | |
| | ) | |
| SAMUEL CRUZ ALVARADO | ) | |
| | ) | |

**DEFENDANT'S SENTENCING MEMORANDUM**

Samuel Cruz Alvarado has come before this Court and accepted responsibility for his unlawful act—Unlawful Reentry of a Deported Alien, in violation of 8 U.S.C. § 1326(a). We submit, that a sentence of **time served,** with no fine or period of supervised release, is "sufficient, but not greater than necessary" to satisfy the statutory aims of 18 U.S.C. § 3553(a). This proposed sentence is mindful of the offense, Mr. Cruz Alvarado's personal history, the over three and half months he has already spent in federal custody, the one month he spent in immigration custody prior to his initial appearance, the inevitable time he will spend in immigration custody awaiting deportation, and the certainty of his removal from the United States.

I.      **SENTENCING GUIDELINES CALCULATIONS**

Probation has determined Mr. Cruz Alvarado's guidelines as follows: his base offense level is 8 pursuant to U.S.S.G. § 2L1.2. His offense level is reduced by 2 levels for acceptance of responsibility under U.S.S.G. § 3E1.1(a). He meets the criteria at U.S.S.G. §§4C1.1(a)(1)-(11). Therefore, he is a Zero-Point Offender, and the offense level is reduced by two levels. U.S.S.G. §§4C1.1(a) and (b). Accordingly, his total adjusted offense level is 4.

Probation has further determined that Mr. Cruz Alvarado is in Criminal History Category I. The resulting advisory guideline sentencing range is 0-6. The guidelines provision includes a fine range of $500-$9,500. The supervised release range is up to one year. However, it is not

advised per USSG §5D1.1(c).

## II.   BACKGROUND, HISTORY, AND CURRENT CIRCUMSTANCES OF SAMUEL CRUZ ALVARADO

Mr. Cruz Alvarado is a 63-year-old man who was born in Honduras. He is fortunate to have many family members still in Honduras, including his long-term partner, his daughter, and two of his siblings. His partner and daughter live in a home that Mr. Cruz Alvarado owns in Honduras.

Mr. Cruz Alvarado has no criminal convictions and minimal contact with the criminal justice system.  He suffers from diabetes and high blood pressure. He reports no mental health or substance abuse concerns.

Mr. Cruz Alvarado is remorseful for his crime. Every day he spends in jail he feels the consequences of his actions. He understands that he violated the law by returning to the United States after deportation.

## III.   THE PROPOSED SENTENCE IS SUFFICIENT, BUT NOT GREATER THAN NECESSARY, TO ACHIEVE THE SENTENCING GOALS OF 18 U.S.C. § 3553(a).

A time-served sentence, followed by deportation to Honduras, will provide punishment that is sufficient but not greater than necessary to achieve the statutory purposes of sentencing. As the First Circuit has stressed, the determination of a just and adequate sentence requires a "more holistic inquiry" than simply plugging numbers into a guidelines calculation. *United States v. Rodriguez*, 527 F.3d 221, 228 (1st Cir. 2008) (citing *Kimbrough v. United States*, 552 U.S. 85, 101 (2007)). Indeed, "section 3553(a) is more than a laundry list of discrete sentencing factors; it is, rather, a tapestry of factors, through which runs the thread of an overarching principle." *Id.* That overarching principle is to "impose a sentence sufficient but not greater than necessary." *Id.* In reaching a decision on what constitutes an appropriate sentence, the district court should "consider

2

all the relevant factors" and "construct a sentence that is minimally sufficient to achieve the broad goals of sentencing." *Id.*

Mr. Cruz Alvarado was arrested and taken into immigration custody on May 5, 2025. D.E. #1, Attachment 1. He spent one month in immigration custody before he was transferred to federal custody on June 5, 2025. At the time of his sentencing, he will have been in federal custody for over three and a half months. He will not receive credit towards his sentence for the time he spent in immigration custody.

Additionally, as Mr. Cruz Alvarado will be detained in immigration custody after he completes his sentence to await deportation, the proposed sentence is mindful of the time Mr. Cruz Alvarado will spend in otherwise uncredited detention. *See, e.g.*, *United States v. Cisneros*, No. 1:02-cr-10044-DPW-1, ECF no. 22 (D. Mass. Sept. 5, 2002) (departing to assure defendant would get credit for time in immigration detention).

Finally, Mr. Cruz Alvarado submits that no fine should be ordered, and that there should be no period of supervised release to follow his sentence.[1]

## CONCLUSION

For the foregoing reasons, Mr. Cruz Alvarado respectfully asks the Court to impose a sentence of **time served**, with no fine or period of supervised release to follow. This sentence is sufficient, but not greater than necessary, to achieve the statutory purposes of sentencing in this case. *See* 18 U.S.C. § 3553(a).

---

[1] USSG § 5D1.1(c) "The court ordinarily should not impose a term of supervised release in a case in which supervised release is not required by statute and the defendant is a deportable alien who likely will be deported after imprisonment."

Respectfully submitted,
SAMUEL CRUZ ALVARADO
By His Attorney:

*/s/ Eliza Jimenez*
Eliza Jimenez
NY Bar #: 5108469
Federal Defender Office
51 Sleeper Street, Fifth Floor
Boston, MA 02210
Tel: 617-223-8061

CERTIFICATE OF SERVICE

     I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on September 17, 2025.

*/s/ Eliza Jimenez*
Eliza Jimenez

4